UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENE GIBSON, SR.                          CIVIL ACTION

VERSUS                                    NO. 11-2929

SHERIFF MARLIN GUSMAN ET AL.              SECTION "J"(2)


**ORDER AND REASONS**

Before the Court are the Magistrate Judge's report and recommendation issued on April 11, 2012, recommending that the plaintiff's complaint be dismissed with prejudice as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1); as well as the plaintiff's motion for a temporary restraining order.  Rec. Docs. 14, 34.  The Magistrate Judge also recommended that the plaintiff's motion for a temporary restraining order ("TRO") and/or other preliminary injunction be denied.  The plaintiff filed an objection.  Rec. Doc. 35.  The Court finds that the report and recommendation should be adopted in part and rejected in part.

The plaintiff filed his complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman, two prison wardens, and officers employed at Orleans Parish Prison ("OPP"), at which the plaintiff was incarcerated at the time he filed the complaint.  He seeks monetary damages and injunctive relief.  The Magistrate Judge conducted a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  In his motion

for a TRO, the plaintiff states that his safety is continually threatened at OPP.   However, he has since advised the Court via letter that he is no longer incarcerated.    Rec. Doc. 30. Therefore, the Court adopts the report and recommendation to the extent it recommends denial of the motion for a TRO.

During the relevant events underlying the § 1983 claims, the plaintiff was incarcerated in OPP on an alleged probation violation, and he was awaiting a trial on a separate charge of simple criminal damage.    The Magistrate Judge, reading the complaint and the Spears hearing testimony together, interpreted the lawsuit as presenting four claims, all of which the Magistrate Judge recommends be dismissed with prejudice:   excessive force, inadequate medical care, unsanitary conditions, and a claim against Sheriff Gusman as the party responsible for all of the complained-of prison conditions.  As explained below, the Court finds that the latter three claims should be dismissed but that the excessive force claim is not frivolous and states a claim upon which relief can be granted.

The excessive force claim is based upon an alleged beating that two defendant officers perpetrated upon the plaintiff when he arrived at OPP on October 18, 2011. At the Spears hearing, the plaintiff admitted that he acted with some belligerence immediately prior to the beating.  His own testimony was that he was cursing,

not obeying orders, pacing back and forth when ordered to stand against a wall, and stepping towards a deputy.  One of the defendant officers punched him, grabbed him, and walked him down a hall—kicking and punching him over a period of two to three minutes, per the plaintiff's testimony.  The plaintiff testified that the defendant officer kicked him with steel-toed shoes and choked him for a period of two to three minutes.  The plaintiff stated that his resultant injuries were a blood clot in the front of his head, a knot in the back of his head, and blurry vision.

It is true that with respect to a prisoner's complaint, the law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  However, the Magistrate Judge's recitation of the Spears hearing testimony does not suggest that the plaintiff's allegations of two to three minutes of smiting were clearly baseless. Rather, the Magistrate Judge states, "He [the plaintiff] said Deputy Tapp punched him, grabbed him and walked him down the hall, kicking and punching him along the way, which he said lasted about two to three minutes. . . . Gibson testified that Tapp was 'kicking me with the steel toes, punching me, choking me,' which

-3-

went on for two or three minutes." Rec. Doc. 34, at 4. Plaintiff Gibson testified that this encounter left him with a golf ball-sized blood clot in the front of his head, with blood visible under the skin, and with a knot in the back of his head.

Under the Fourteenth Amendment, the inquiry is whether the defendant's "actions caused [the plaintiff] any injury, were grossly disproportionate to the need for action under the circumstances and were inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." Petta v. Rivera, 143 F.3d 895, 902 (5th Cir. 1998). The Magistrate Judge, applying this standard, stated that "[t]he force [the plaintiff] described resulted in very minor injuries and was in no way malicious, sadistic, shocking to the conscience, or grossly disproportionate to the need for action under the circumstances of Gibson's admittedly belligerent behavior." Rec. Doc. 34, at 13. However, accepting as true the allegation of three minutes of being kicked with steel-toed shoes and punched even after the plaintiff was subdued for his belligerency, the Court finds that the plaintiff states a claim for actions that were malicious, shocked the conscience, and were grossly disproportionate to the need to maintain order at OPP.

The Magistrate Judge's finding was largely based on the fact that the plaintiff cursed at the officers, disobeyed their orders, and acted in a threatening manner.  Even though the plaintiff was insubordinate, this does not explain the proportionality of the officer's response consisting of two to three minutes of punching and kicking, the allegation of which is accepted as true at the present pleading stage.  The plaintiff's injuries—which included a blood clot/welt the size of a golf ball on the plaintiff's forehead—were not insignificant.  The case of Baldwin v. Stalder, 137 F.3d 836 (5th Cir. 1998), which involved a two-second burst of pepper mace sprayed into a bus of rowdy prisoners, is distinguishable from the alleged two to three *minutes* of physical violence in the present case.  To the extent the plaintiff's testimony may have come across as incredible, this should make no difference because "[i]n a Spears hearing, the district court may make only limited credibility determinations." Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).  Accordingly, the § 1983 excessive force claim will proceed forward.

The second claim is that the plaintiff did not receive adequate medical care for the injuries resulting from the beating or for psychiatric problems.  The Court agrees with the Magistrate Judge's finding that this claim should be dismissed.  To show the requisite deliberate indifference to a prisoner's medical needs,

-5-

the plaintiff must "allege that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Brewster v. Dretke, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks omitted). While true that the plaintiff did not see a nurse until approximately seven weeks after the beating incident, in the long-run he did not suffer serious medical injury, as evidenced by the fact that the nurse merely gave him ibuprofen and released him into the general prison population. This falls short of the deliberate indifference required to state a claim for inadequate medical care. See Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (mere delay of medical care violates the Eighth Amendment only if substantial harm results). As to the denial of psychotropic medication, there was medical judgment involved in the doctor's decision to defer prescription until he could be certain of the appropriate type and dosages of medication.

The third claim is that the plaintiff had to use an unsanitary toilet on the basketball court at OPP on one occasion. The Court agrees with the Magistrate Judge's finding that this claim should be dismissed as frivolous. See Ashford v. Gusman, No. 12-87, 2012 WL 1019830, at *4 (E.D. La. Feb. 22, 2012) ("As to plaintiff's claim that the recreation yard's toilet is broken, that does not

violate the federal law.").  The fourth claim is that defendant
Sheriff  Gusman  is  responsible  for  the  complained-of  prison
conditions  because  he  employs  the  other  named  defendants.   The
plaintiff acknowledged that the sheriff was not personally involved
in  any  of  the  occurrences  at  issue.   Because  there  is  no  liability
under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978),
the  Court  agrees  that  the  claim  against  Sheriff  Gusman  should  be
dismissed.

The  Court,  having  considered  the  complaint,  the  record,  the
applicable law, the Report and Recommendation of the United States
Magistrate  Judge,  and  the  objection  to  the  Magistrate  Judge's
Report  and  Recommendation,  hereby  adopts  the  Report  and
Recommendation to the extent it recommends denial of the motion for
TRO and dismissal of the claim against Sheriff Gusman, the claim
for  unsanitary  conditions,  and  the  claim  for  inadequate  medical
care; and hereby rejects the Report and Recommendation to the
extent it recommends dismissal of the claim for excessive force.
Accordingly,

**IT  IS  ORDERED**  that  the  plaintiff's  motion  for  temporary
restraining order and/or other preliminary injunctive relief (Rec.
Doc. 14) is **DENIED.**

**IT  IS  FURTHER  ORDERED**  that  the  plaintiff's  claim  against
Sheriff Gusman, the claim for unsanitary conditions, and the claim

for inadequate medical care are **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

New Orleans, Louisiana, this 1st day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE