UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GIBSON | CIVIL ACTION |
|---|---|
| VERSUS | NO: 11-2929 |
| GUSMAN, ET AL. | SECTION: "J"(2) |

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion to Appeal to District Judge for Counsel (Rec. Doc. 45).** On June 12, 2012, Plaintiff filed a Motion to Appoint Counsel with this Court. (Rec. Doc. 41) On June 18, 2012, the Court issued an order denying Plaintiff's motion. (Rec. Doc. 42) As such, the current motion before the Court can be considered a motion for reconsideration of the Court's prior order.[1]

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment"

---

[1] It should also be noted that on December 19, 2011, the United States Magistrate Judge also denied a request by Plaintiff to appoint counsel. (Rec. Doc. 8)

1

under Federal Rule of Civil Procedure 60(b). <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 173 (5th Cir. 1990), <u>abrogated on other grounds by</u> <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). <u>Id.</u>; FED. R. CIV. P. 59(e). However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). <u>Id.</u>; FED. R. CIV. P. 60(c). In the present case, Plaintiff's motion was filed on August 13, 2012, which is fifty-six days after the Court's June 18, 2012, Order. As a result, Plaintiff's motion is treated as a motion for reconsideration under the more stringent Rule 60(b) standard.

Rule 60(b) provides that a court may reconsider an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or

vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A district court has considerable discretion to grant or deny relief under Rule 60(b), and its decision will be reversed only for an abuse of discretion. <u>Hesling v. CSX Transp., Inc.</u>, 396 F.3d 632, 638 (5th Cir. 2005). A district court abuses its discretion only if it bases its decision on an erroneous view of the law or clearly erroneous assessment of the evidence. <u>Id.</u>

In the instant case, none of the Rule 60(b) factors have been met. In particular, no new evidence or circumstances have been presented to the Court, which would indicate that it should reconsider its previous order. Accordingly,

**IT IS ORDERED** that Plaintiff's motion is **DENIED**.

New Orleans, Louisiana, this 15th day of August, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE